UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DONETTE MILLER** | **CASE NO. 2:22-CV-05536** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN SUMMIT INSURANCE COMPANY** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Plaintiff's Complaint for Lack of Service Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Doc. 30) filed by the Defendant, American Summit Insurance Company ("American Summit"). Plaintiff, Donette Miller ("Miller"), opposes the motion. Doc. 32.

## BACKGROUND

This diversity action arises from damages related to Hurricanes Delta and Ida. Doc. 1. Plaintiff's original complaint was filed on October 4, 2022, by the law firm of McClenny, Moseley, and Associates, PLLC ("MMA"). *Id.* Before a summons was issued by the Clerk of Court, on October 21, 2022, this Court issued an order staying the case after a Rule to Show cause hearing involving the MMA law firm. Doc. 2. On March 4, 2023, the MMA law firm and all affiliated counsel were suspended from practicing in the Western District of Louisiana. Doc. 6.

On August 31, 2023, the Magistrate Judge issued an order terminating the representation of the Plaintiff by the MMA attorneys and set a status conference for October

4, 2023. Doc. 11. In that same order, the stay was lifted, and Plaintiff was advised that she had a right to retain new counsel, but if new counsel did not enroll, the Magistrate Judge would presume that she would be representing herself pro se. *Id.* Also in that order, the Clerk of Court was instructed to reissue a summons to the Defendant and Plaintiff was ordered to "effect service on the defendant and have proof of that service made part of the record." *Id.* at 5. Plaintiff was also warned that if no proof of service was placed on the record prior to October 4, 2023, it would result in the Magistrate Judge recommending to the undersigned that the case be dismissed for failure to prosecute. *Id.* The Clerk of Court reissued a summons to American Summit on August 31, 2023. Doc. 12.

A docket entry dated September 15, 2023, indicates that several pieces of correspondence from the Court were undeliverable to the Plaintiff at her address on record, including the Court's August 31, 2023, order. Doc. 14. Plaintiff did not appear at the October 4, 2023, status conference with the Magistrate Judge. Doc. 15. The status conference was rescheduled for November 14, 2023, and defense counsel was instructed by the Magistrate Judge to provide any additional contact information for the Plaintiff to the Court. *Id.* The Court mailed Plaintiff a copy of the minutes from the October 4, 2023, status conference, but that correspondence was also undeliverable. Doc. 17.

On November 14, 2023, the Magistrate Judge held the rescheduled status conference. Doc. 18. Once again, Plaintiff did not appear. *Id.* The next day, the Magistrate Judge issued a Report and Recommendation to the undersigned recommending that the

2

matter be dismissed without prejudice based on Plaintiff's failure to prosecute her case.[1] Doc. 19. Plaintiff was provided fourteen days to file an objection. *Id.* Eleven days later, new counsel filed a motion to enroll on the Plaintiff's behalf. Doc. 20. The Court granted the motion to enroll and denied the recommendation of the Magistrate Judge to dismiss the case. Doc. 21; Doc. 24. On December 6, 2023, the Clerk of Court reissued the summons to American Summit. Doc. 25. It was returned executed on December 13, 2023. Doc. 26. Thereafter, American Summit filed the instant motion to dismiss. Doc. 30.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Federal Rule of Civil Procedure 12(b)(5) allows for the dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d. ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115,

---

[1] The Report and Recommendation was also returned to the Court as undeliverable. Doc. 22.

1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service if good cause is shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

Defendant argues that dismissal pursuant to Rule 12(b)(5) is warranted because service was not executed until December 2023, despite the suit being filed on October 4, 2022. Doc. 30. Defendant also argues that Plaintiff's failure to keep her address current and her absence from two status conferences demonstrates that there is no good cause to extend the time to effect service, and her detachment from the case is inexcusable. *Id.* Plaintiff counters that good cause exists to extend the time to effect service in this case due to the lengthy stay of the case, the Court's termination of prior counsel, and her pro se status until she was able to obtain new counsel. Doc. 32. Plaintiff maintains that service was promptly completed once new counsel was enrolled, and there is no prejudice to the Defendant. *Id.*

The Court finds that its discretion is properly exercised in excusing any late service that may have occurred under the specific facts of this case. If Plaintiff had requested additional time to serve the Defendant, it would have been freely granted. Further, despite Defendant's argument to the contrary, the Court can find no prejudice to the Defendant. This is not a typical situation of failure to prosecute by a pro se plaintiff. The misconduct by Plaintiff's former law firm clearly impacted this litigation and Plaintiff should not be

subjected to the harshest sanction available under these circumstances. Accordingly, late service should be excused so that the case may proceed.

## CONCLUSION

For the reasons stated above, the Motion to Dismiss (Doc. 30) filed by the Defendant will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of April, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**